UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN G., | Case No.:  18-cv-2541-BAS-AGS |
| Plaintiff, | **REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT MOTIONS** |
| v. | |
| Andrew M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

The Social Security Administration ruled that claimant was not disabled from about 2014 to 2017. And it discounted a surgeon's letter supporting disability, believing that the surgeon didn't treat claimant during the relevant time frame. But the SSA was wrong. The surgeon's care took place during the exact period at issue. Given the importance of that treating doctor's opinion, this case should be remanded to consider it.

## BACKGROUND

Claimant Brian G. was adjudicated disabled starting in 2004 due to "advanced degenerative disc disease of the lumbar spine" and "morbid obesity." (AR 16; *see also* AR 272.) After his 2007 gastric-bypass surgery, however, Brian "lost 250 pounds." (AR 36.) Because his back condition then improved, the SSA concluded that he was no longer disabled as of May 2014. (AR 68.)

1

Brian disagreed, so an Administrative Law Judge heard his case. The ALJ determined that Brian had indeed seen "medical improvement" and was not disabled from May 1, 2014, through the date of the ALJ's decision, September 29, 2017. (AR 22, 24; *see also* AR 18.) The ALJ considered the opinions of four doctors with differing views on the exertional level that Brian could tolerate, as summarized below:

| Doctor | Role | Exertional Level | AR |
|---|---|---|---|
| T. Sabourin, M.D. | Orthopedic Consultative Examiner | Light | 21-22 |
| R. Masters, M.D. | State Agency Consultant | Light | 21-22 |
| R. Jacobs, M.D. | State Agency Consultant | Medium | 21 |
| P. Kirz, M.D. | Orthopedic Consultative Examiner | Heavy (full range) | 22 |

The ALJ afforded the "most weight" to the opinion of Dr. Jacobs, adopting his "medium exertional level" assessment. (AR 21, 23.) Also, the ALJ noted that both orthopedic consultative examiners observed "exaggeration of symptoms." (AR 19, 285, 329.)

The ALJ's decision never mentions orthopedic surgeon William Tontz, Jr., who treated Brian for years and had a more pessimistic view of his prognosis. (*See* AR 8, 14-25, 72, 255-56.) At the disability hearing, Brian testified that his "surgeon" said Brian "couldn't do any meaningful work," that he would need future surgery, and "not to do anything too strenuous or lifting," or else his "spine could collapse." (AR 44-45.) The administrative record contains similar statements from Dr. Tontz or attributed to him. (AR 255-56; *see also* AR 76, 86.) Yet none of this evidence appears in the ALJ's ruling.

Brian zeroed in on this omission while seeking review before the SSA's Appeals Council. He submitted a new letter from Dr. Tontz, which concluded that Brian had "severe" back problems causing "trouble with standing, sitting, twisting, stooping, and lifting." (AR 8.) According to Dr. Tontz, Brian required "spinal fusion" surgery, and his "back injury" and "complex treatments" would render him "unable to work indefin[i]tely." (*Id.*)

Although the first line of Dr. Tontz's letter states that Brian "has been under my care since 2014" (and the letter was dated 2018) (AR 8), the Appeals Council discounted this

evidence, arguing that it did "not relate to the period at issue [May 1, 2014, to September 29, 2017]." (AR 2.) For this reason alone, the Council rejected Dr. Tontz's letter, and the ALJ's decision became final. (AR 1-2.)

## DISCUSSION

The only relevant issue is whether the SSA adequately considered Dr. Tontz's opinion, which was belatedly submitted to the Appeals Council.

### A.    Late-Filed Evidence Before the Appeals Council

As a threshold matter, Dr. Tontz's letter is properly before this Court. "[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider . . . ." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).

### B.    Treating-Doctor Rule in Cessation-of-Benefits Cases

To revoke previously awarded benefits, the SSA must conclude that the recipient has made "medical improvement" and can return to work. *See Attmore v. Colvin*, 827 F.3d 872, 873 (9th Cir. 2016). For that medical-improvement determination, the SSA must correctly account for a treating physician's opinion. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (explaining treating-doctor rule); 20 C.F.R. § 404.1594(b)(6) (incorporating same standards for cessation-of-benefits cases as original applications).

Under the relevant regulation,[1] a treating doctor's opinion is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the claimant's case record." *Trevizo*, 871 F.3d at 675 (alterations omitted). Even if a treating

---

[1] After Brian filed his continuing-benefits claim, the SSA substantially changed the way it treats medical opinions. *Compare* 20 C.F.R. § 404.1527 (claims filed before March 27, 2017) *with* 20 C.F.R. § 404.1520c (claims filed on or after March 27, 2017).

3

physician's opinion is contradicted by another doctor, the SSA can only reject it after "providing specific and legitimate reasons that are supported by substantial evidence." *Id.*

The only reason the Appeals Council gave for rejecting Dr. Tontz's opinion was that it did "not relate to the period at issue"—May 1, 2014, to September 29, 2017. (AR 2.) But Dr. Tontz wrote that Brian "has been under my care since 2014" and "was last examined" on October 5, 2017. (AR 8; *see* AR 34, 72, 255-56.) In other words, Dr. Tontz's opinion appears to be based on years of treatment within the relevant period. Yet, even if Dr. Tontz's opinion were based *entirely* on Brian's last examination on October 5, 2017— six days after the period ended—it would still "relate" to the period at issue. "Medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011); *see also Smith v. Bowen*, 849 F.2d 1222, 1224-25 (9th Cir. 1988) (holding that three doctors' medical evaluations, occurring some three to nine years after the expiration of the insured status, were "relevant to an evaluation of the pre-expiration condition"). So the SSA's sole reason for rejecting Dr. Tontz's opinion was wrong.

## C.   Harmless-Error Analysis

"Even when the ALJ commits legal error, we uphold the decision where that error is harmless." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). An error is harmless when it is "inconsequential to the ultimate nondisability determination," or when "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Id.* (alterations and citations omitted). The Court must "look at the record as a whole to determine whether the error alters the outcome of the case." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Despite a range of medical opinions on the seriousness of Brian's back issues (*see* AR 21-22), the ALJ decided that Brian was fit for "medium" work—lifting up to 50 pounds—and that he could "frequently . . . stoop." (AR 18); *see* 20 CFR § 404.1567(c). This brings into sharp relief the importance of Dr. Tontz's opinion that Brian "has trouble

4

with . . . stooping[] and lifting." (AR 8.) Also, Dr. Tontz noted Brian's "trouble with standing, sitting, [and] twisting," whereas the ALJ set no limitations whatsoever on these activities. (AR 8, 18.) Of course, the ALJ relied on the mistaken assumption that Brian was "referred for only conservative, nonsurgical treatment." (AR 19.) But Dr. Tontz's letter confirmed the opposite: Brian "will require a complex anterior lumbar spinal fusion," and he "was referred to a vascular surgeon in October of 2017[] for medical clearance" for that surgery. (AR 8.)

Given these stark facts and the traditional deference paid to treating physician's opinions, the error here cannot be deemed harmless. *See, e.g.*, *Taylor*, 659 F.3d at 1232 ("[I]f the Appeals Council rejected [the treating physician's] opinion because it [incorrectly] believed it to concern a time after Taylor's insurance expired, its rejection was improper" and required remand.); *Edgecomb v. Berryhill*, 741 F. App'x 390, 393 (9th Cir. 2018) (remanding to the ALJ because "the Appeals Council failed to consider" a treating doctor's new letter "on the mistaken belief that it did not relate to the period before the date of the ALJ's decision").

One final matter bears on the harmless-error analysis: As of January 17, 2017, the Appeals Council will only consider new evidence if the claimant "show[s] good cause for not informing [the SSA] about or submitting the evidence" sooner. 20 C.F.R. § 404.970(b). This new regulation applied when Brian submitted Dr. Tontz's letter to the Appeals Council. (*See* AR 2.) But this Court need not wrestle with whether Brian had "good cause" for the late submission, because the Appeals Council never argued otherwise. "We review only the reasons provided by the [SSA] in the disability determination and may not affirm the [SSA] on a ground upon which [it] did not rely." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). The Council's sole rationale for rejecting Dr. Tontz's opinion was that it did "not relate to the period at issue." (AR 2.) That reason was faulty; no other ones matter.

## D.   Remand Type

When the Appeals Council erroneously rejects new treating-physician evidence, a "remand to the ALJ for further consideration is in order," rather than a remand for award

5

of benefits. *Taylor*, 659 F.3d at 1235; *see also Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) (same). This case cries out for further fact-finding, as it appears the SSA never received Dr. Tontz's full medical records. A consultant who reviewed Brian's file noted that Dr. Tontz was sent a "source letter." (AR 340.) But, unlike other doctors whose documents are missing, the administrative record does not include a medical-records-request letter to Dr. Tontz. (*See* AR 381-83, 385-87.)

## CONCLUSION

The Court recommends that Brian's summary judgment motion (ECF No. 22)[2] be **GRANTED**, defendant's cross-motion for summary judgment (ECF No. 24) be **DENIED**, and the case be **REMANDED** for further proceedings and factual development. The parties must file any objections to this report by May 15, 2020. *See* 28 U.S.C. § 636(b)(1). A party may respond to any objection within 14 days of receiving it. Fed. R. Civ. P. 72(b)(2).

Dated:  May 1, 2020

Hon. Andrew G. Schopler
United States Magistrate Judge

---

[2] The Court interprets Brian's brief (ECF No. 22) as a summary judgment motion.

6